E-FILED
Wednesday, 10 March, 2021  01:52:25 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| RICKY GARRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Civil Case No.  21-1060 |
| ) | |
| Warden, FCI Pekin, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

Before the Court is Petitioner Ricky Garrison's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. For the reasons set forth below, Petitioner's § 2241 Petition is DISMISSED.

## ANALYSIS

Petitioner is currently in the custody of the Federal Bureau of Prisons and housed at Pekin Federal Correctional Institution ("FCI Pekin"). On February 17, 2021, Petitioner filed this instant § 2241 Petition on the theory that The Coronavirus Aid, Relief, and Economic Security Act ("The Cares Act") is being violated because inmates have not had access to free video conferences and telephone visits during the COVID-19 pandemic.

Under Rule 4, Rules Governing Section 2254 Cases, the Court is required to review a petition filed under Section 2241 and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. *Preiser v. Rodriguez*, 411

U.S. 475, 498-99 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." *Id*. at 498.

For relief, Petitioner does not seek release from custody, to shorten his incarceration, or to restore any good time credit. Rather, Petitioner seeks to have the Court order FCI Pekin "to install video visitation per The Cares Act during covered emergency to promote healthy family interaction during incarceration safely." ECF No. 1 at 8. The Cares Act provides that "the Bureau of Prisons . . . may . . . authorize inmates to conduct visitation through video teleconferencing and telephonically, free of charge to inmates . . . ." 28 C.F.R. § 540.106 (2020). Because Petitioner seeks relief that does not affect the fact or duration of his confinement, his claim is inappropriate for consideration under § 2241. As stated by the Supreme Court:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under ... 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.

*Hill v. McDonough*, 547 U.S. 573, 579 (2006) (internal citations omitted). The Supreme Court previously explained in a challenge by two prisoners that, "[b]ecause neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus' ... [and] the prisoners' claims for future relief (which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (internal citations omitted).

Petitioner does not attack his sentence, nor are his claims related in any way to, the execution of his sentence. He does not challenge the validity of his confinement or seek speedier release from confinement. Instead, he complains about the conditions of his confinement, i.e., that he is being denied access to video conferences and telephone visits. Accordingly, it appears that

Petitioner failed to assert a claim for which relief can be granted under 28 U.S.C. § 2241, and his Petition must be dismissed.

## CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1] is DISMISSED. This case is now TERMINATED. The Clerk is DIRECTED to close this case.

ENTERED this 10th day of March, 2021

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge